UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Irvin Morales

    v.                                        Case No. 23-cv-522-SM-TSM
                                                  Opinion No. 2025 DNH 006

Helen Hanks, Commissioner,
New Hampshire Department of
Corrections, et al.

O R D E R

Irvin Morales, who is an inmate and proceeding pro se, challenges the decision of Commissioner Hanks and others to return him to prison in New Jersey where he was originally incarcerated. Magistrate Judge Saint-Marc recommended that the court deny Irvin Morales's motion for a preliminary injunction, seeking an order to return him to New Hampshire. Doc. no. 39. The court approved the report and recommendation but stated that if Morales filed a timely and meritorious objection, the court would reconsider that decision. End. or. Sept. 30, 2024. Morales filed an objection to the report and recommendation (doc. no. 43), and the defendants filed a response (doc. no. 44). For the following reasons, Morales has not provided grounds to reconsider the court's order approving the report and recommendation.

Background

Morales is serving a sentence imposed by a New Jersey court and originally served his sentence in New Jersey. In 2009, Morales asked the New Jersey Department of Corrections to transfer him to New Hampshire under the Interstate Corrections Compact so that he could be closer to his family. Morales was transferred to New Hampshire in 2010.

In 2017, Morales brought a civil lawsuit in this court in which he alleged that prison employees violated his rights during a strip search. Morales v. Doe, No. 17-cv-00234-SM (D.N.H). In 2022, Morales brought a suit in state court, alleging that the prison failed to provide him needed medical treatment after he was sprayed in the eyes with a chemical that damaged his eyes and his eyesight. Morales v. N.H. Dep't of Corr., No. 217-2022-cv-00425 (N.H. Super. Ct., Merrimack Cty.). While Morales's suits were pending, in 2022, the defendants transferred him to the prison's Secure Housing Unit based on a disciplinary offense and then to the Closed Custody Unit ("CCU"). When Morales heard that he would likely be transferred to the Northern New Hampshire Correctional Facility in Berlin, New Hampshire, he suffered a mental breakdown due to his concern about his safety, and he was placed in isolation in a mental health unit. He was then returned to the CCU, but when he became ill, he was transferred to the medical unit, and then

back to the CCU.  Morales was transferred to New Jersey on November 3, 2022.

Morales filed this action on December 4, 2023, alleging that the defendants transferred him within the prison and then back to New Jersey in retaliation for the two prior lawsuits. He sought a preliminary injunction to require the defendants to return him to the New Hampshire State Prison.  In the report and recommendation, the magistrate judge recommended that the motion be denied because Morales had not shown a likelihood of success on the merits of his retaliation claim.  Doc. no. 39, at 25.

## Discussion

Morales objects to the report and recommendation on the grounds that the magistrate judge denied his motion for a preliminary injunction based upon the wrong standard. Specifically, Morales notes that the magistrate stated that he was seeking a mandatory preliminary injunction to be moved to New Hampshire, which requires a more stringent standard of proof, based on an erroneous assumption that the status quo was his incarceration in New Jersey.  Morales argues that he was seeking a prohibitory injunction, based on the status quo of his incarceration in New Hampshire, which is not subject to a heightened proof standard.

3

Whether or not the magistrate judge erred in the location of the status quo incarceration (and the resulting type of injunctive relief sought) is not material to the recommendation that the preliminary injunction be denied.  After acknowledging the heightened standard for a mandatory injunction, the magistrate judge stated that despite that standard, whether a preliminary injunction was warranted would be measured under the four-factor test applicable to all preliminary injunctions regardless of the status quo.  That is the standard that magistrate used in the analysis of Morales's motion.

The most important of the four factors is the moving party's showing of his likelihood of success on the merits of his claim.  <u>US Ghost Adventures, LLC v. Miss Lizzie's Coffee LLC</u>, 121 F.4th 339, 347 (1st Cir. 2024) ("Likelihood of success on the merits is the sine qua non of the preliminary injunction analysis.")  "To demonstrate likelihood of success on the merits, plaintiffs must show more than mere possibility of success—rather, they must establish a strong likelihood that they will ultimately prevail." <u>Sindicato Puertorriqueño de Trabajadores v. Fortuño</u>, 699 F.3d 1, 10 (1st Cir. 2012) (internal quotation marks omitted).  The magistrate judge examined Morales's likelihood of success on his retaliation claim under that standard, not a heightened standard applicable

4

to a mandatory injunction, and found it wanting. Doc. no. 39, at 25.

Therefore, the determination that Morales was seeking a mandatory injunction did not affect the magistrate judge's analysis, which was based on the correct preliminary injunction standard.

## Conclusion

For the foregoing reasons, the court affirms its prior decision to approve the report and recommendation (doc. no. 39) to deny a preliminary injunction.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

January 30, 2025

cc: Irvin Morales, pro se
    Counsel of record

5